**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDDIE LEE QUICK,** | : | |
| **Petitioner** | : | **CIV. ACTION NO. 3:26-2073** |
| **v.** | : | **(JUDGE MANNION)** |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. §2254 in which petitioner challenges the legality of a 2017 conviction and sentence in the Monroe County Court of Common Pleas. The petition will be dismissed with prejudice as untimely.

## I. BACKGROUND

Petitioner, Eddie Lee Quick, was convicted of robbery and other crimes and sentenced in 2017 to an aggregate prison sentence of between 26 years and 11 months and 51 years and 10 months. *Commonwealth v. Quick*, 236 A.3d 1098 (table), No. 2115 EDA 2019, 2020 WL 1877705, at *3 (Pa. Super. Ct. Apr. 15, 2020). He appealed, and the Pennsylvania Superior Court affirmed the judgment of sentence on April 15, 2020. *Id.* at *6. He filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which

was denied on October 15, 2020. *Commonwealth v. Quick*, 240 A.3d 109 (table), 662 Pa. 489 (Pa. 2020). He did not seek further review with the United States Supreme Court.

Quick did not file any collateral challenges to his petition in state court until September 1, 2022, when he sought collateral relief under Pennsylvania's Post-Conviction relief Act ("PCRA"). *Commonwealth v. Quick*, No. CP-45-CR-0002718-2015 (Monroe Cnty. Ct. Com. Pl. Sept. 1, 2022).

Quick filed the instant case on April 17, 2026, arguing that his sentence is illegal and must be vacated. (Doc. 1). On August 26, 2026, the court issued an order requiring Quick to show cause why the case should not be dismissed as untimely pursuant to *United States v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). (Doc. 10). Quick responded to the order on September 9, 2026, arguing that there is "no statutory limitations on any illegal sentencing. So therefore [his petition] cannot be time barred." (Doc. 11 at 2). Quick does not cite any legal authority to support this argument.

## II. Standard of Review

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to

relief. 28 U.S.C. §2254 Rule 4. A district court may *sua sponte* dismiss a habeas corpus petition as untimely pursuant to a Rule 4 review if the court first gives the petitioner notice and an opportunity to respond. *Bendolph*, 409 F.3d at 158.

## III. DISCUSSION

Section 2254 petitions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. *Id.* §2244(d)(2). The limitations period may also be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

Under Section 2244(d)(1)(A), Quick had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. §2254. 28 U.S.C. §2244(d)(1)(A). His conviction became final on January 13, 2021, the last day he could have filed a petition for writ of certiorari to the United States Supreme Court. U.S. S. Ct. R. 13. Thus, he was required to file his petition no later than January 13, 2022, to comply with Section 2244(d)(1)'s one-year limitations period. Because he did not file the petition until April 17, 2026, it is untimely by over four years.

Quick's contrary argument that there is no statute of limitations applicable to claims alleging an illegal sentence is plainly meritless. A claim challenging the legality of a criminal sentence is a paradigmatic example of a habeas corpus case, and habeas corpus petitions challenging the legality of a state conviction or sentence are governed by Section 2244(d)(1)'s one-year statute of limitations.

There is no basis for statutory or equitable tolling of the limitations period. Quick did not file a PCRA petition until September 1, 2022, meaning the PCRA petition could not statutorily toll the limitations period because it had already expired prior to the PCRA petition being filed. And Quick has

failed to advance any argument for equitable tolling, despite it being his burden to do so. *Pace*, 544 U.S. at 418. Thus, because Quick's petition is untimely and there is no basis to toll the limitations period, the petition will be dismissed with prejudice as untimely.

## IV. CONCLUSION

For the foregoing reasons, this case will be dismissed with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

s/ Malachy E. Mannion
**Malachy E. Mannion**
**United States District Judge**

**Dated: September 16, 2026**
26-2073-01